The only questions for examination upon this appeal arise upon rulings made at the trial in regard to the admission and rejection of evidence.
The action was for goods sold and delivered. The answer denied the sale to the defendant, and alleged that the plaintiffs sold the goods in question to one Samuel Lowenstein; and further sets up as a defense that the plaintiffs made a general assignment of all their property, including the demand in question, to one Moses Bronner; and that the said assignee afterward sold and assigned the said demand to one Joseph Lowenstein, to whom the said Samuel Lowenstein had paid the same.
After the plaintiffs had given proof respecting the sale and delivery of the goods in question to the defendant, his counsel, on cross-examination of plaintiffs' witnesses, drew *Page 170 
out proof, which, unexplained, tended to show that the goods were sold and the credit given to Samuel Lowenstein, and not to the defendant, and that the plaintiffs were willing to trust Lowenstein, believing him to be responsible; and tending to contradict and discredit the testimony of the plaintiff, Sechel Bronner, who had sworn that he refused to sell the goods to Lowenstein, and that Nathaniel Bishop had, at that time, told him not to trust Lowenstein, because he was not responsible. The said Bishop was then called by the plaintiffs as a witness, and was asked to state whether he knew, when Lowenstein came there, any thing concerning his responsibility, and, if so, whether he made any communication on that subject to the plaintiffs. To this question, the defendant's counsel objected, on the ground that the defendant was not shown to be present at the time. The court overruled the objection and allowed the question to be put, and defendant's counsel excepted. The witness answered as follows: "I did think I knew his responsibility, and I told Mr. Bronner I would not trust him unless he would give security. He was owing me a large amount at that time."
In deciding the question raised by the exception, we are confined to a consideration of the question, without reference to the answer given, because the answer is not responsive to the question. The answer called for by the question was a simple "yes" or "no." It was merely preliminary to another question, which might have called for what the witness told the plaintiffs on the subject of Lowenstein's responsibility. The court could not know, when ruling upon the question, that any thing more than "yes" or "no" to it was called for, and it must be deemed to have made the ruling with that view. The objection, that the defendant was not present at the time inquired about, is not pertinent, and was properly overruled. But if the question had gone farther and called for the communication made to the plaintiffs on the subject, I think it would have been admissible, as the evidence then stood upon the issue whether the goods were sold to Lowenstein or the defendant, there being a conflict on that subject, and upon the collateral and pertinent *Page 171 
fact, whether the plaintiffs were willing to trust Lowenstein; and even upon the question whether they know him to be irresponsible, it was undoubtedly competent for the plaintiffs to give further testimony on that subject. The fact that the plaintiffs knew Lowenstein to be untrustworthy, was one which it was proper the jury should know and consider, in weighing the balanced testimony upon the question whether they did trust him. And so it was proper to show that they were informed of that fact by Bishop or any other person who knew it, and the objection that the defendant was not present when the communication of that fact was made to them presented no reason for its exclusion. (1 Greenl. Ev. §§ 101, 108.) In both points of view, therefore, the objection was properly overruled.
The defendant, upon the trial, after it had appeared that the plaintiffs, in November, 1857, had made a general assignment to Moses Bronner, and that in March, 1858, after they had procured a settlement with their creditors, Moses Bronner had re-assigned to them the assigned property, including the claim in question, produced a bill of sale of the demand in question to Joseph Lowenstein, purporting to have been made by Moses Bronner, assignee, on the 1st day of December, 1857, in consideration of four notes, payable at two, four, six and eight months. This bill of sale it was shown was not executed by Moses Bronner in person, nor with his knowledge or consent, and that he, upon its being made known to him, repudiated it, and delivered back the notes to the agent of Lowenstein, who had procured the paper to be executed. This agent testified that he indorsed the first note, and, when he got it back, tore his name off, and that he supposed it was destroyed, though he did not know.
Samuel Lowenstein, as a witness, testified, as to the notes, that after the assignment to Joseph Lowenstein he saw the first one in a banking house in Rochester. The defendant's counsel asked him, "By whom was the note you saw in Rochester indorsed?" This question was objected to by the plaintiffs' counsel, on the ground "that the loss of the note was not proved, and it was not shown in plaintiffs' possession." *Page 172 
The court sustained the objection, and the defendant excepted.
It is insisted by the counsel for the defendant that the evidence was competent, as tending to show that the assignee did not return the notes, but kept them until due, and so ratified the sale of the claim in suit; and that the proof of the destruction of the notes was sufficient to entitle defendant to the evidence.
I do not think the defendant made a case entitling him to the evidence. In the first place, as there was no offer to show, or suggestion, that the assignee was the indorsor, it did not appear to be material to inquire by whom the note was indorsed, and, though the objection was not without ground, it was no error in the court to exclude immaterial evidence upon its own motion, although no objections were raised by the opposite party. (Cooper v. Beebe, 24 Wend. 105.) Again, there was no sufficient evidence of the loss or destruction of the note. Fulda, the agent to whom it was returned, had made no search for it, and did not know that it was destroyed. Nor was it shown that it was not still in the banking house in Rochester. It was not competent, therefore, to give parol proof of the indorsement.
The only other point now insisted upon by the defendant's counsel is that there was no sufficient proof of the absence of the witness Fulda, at the time of the trial, to authorize the admission of his deposition taken conditionally under the statute.
It was proved that Fulda resided out of the State; that he was in the habit of visiting the city of New York, where the action was tried, two or three times a year, and remaining but a single day; that when he was in the city, he made the place of business of the witness called to prove his absence his head-quarters, and that the witness had no knowledge or intimation of his then being in town; that his last place of business when he lived in New York was with a Mr. Waller, and that the witness had, on the morning of the trial been to Waller's to ascertain whether he was there, and found that he was not, and that Fulda, when applied to to attend *Page 173 
the trial, had said his business would not admit of his absence a week or two attending on the trial. There was no evidence tending to show him in the State, and clearly the evidence of his absence was prima facie sufficient.
I can see no ground for reversing the judgment, and am of the opinion that it should be affirmed.
All the judges concurring,
Judgment affirmed. *Page 174